**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Apr 24 2012, 8:54 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Offices, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL L. CROWE, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1108-CR-420 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause Nos. 89C01-0812-FD-130
89C01-1005-FC-10

**April 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Michael L. Crowe pleaded guilty to two counts of forgery, Class C felonies, and one count of receiving stolen property, a Class D felony. Crowe was also convicted by a jury of theft, a Class D felony. He appeals, raising the sole issue of whether his sentence of fourteen years in the Indiana Department of Correction is inappropriate. Concluding that the sentence is not inappropriate, we affirm.

## Facts and Procedural History

On November 13, 2008, Crowe received dental care at the office of Dr. Burke. He signed a form acknowledging that he understood that payment was due at the time the services were provided. In addition, signs were posted around the office to notify patients that payment was due when the services were rendered. Crowe's bill totaled $140. When payment was due, Crowe told the office staff that his checkbook was in his car and he needed to get it to pay. He did not return to pay or set up an alternative method of payment. An office staff member watched Crowe get into his car and drive away. Other attempts to get payment by mail were unsuccessful because Crowe provided a false address on his required information form. On December 23, 2008, Crowe was charged with theft, a Class D felony, in cause number 89C01-0812-FD-130 ("Cause Number 130"). A jury found him guilty of the charge on July 21, 2011.

In an unrelated incident in December 2009, Crowe was riding in an automobile with Rita Jones. Crowe took two personal checks from her checkbook without her permission. The checks belonged to Rita and Jeff Jones. Two days later, Crowe attempted to cash the checks at two grocery stores in Richmond, Indiana. Crowe signed the checks using Jeff Jones's name. Both of these transactions were recorded on

videotape. In cause number 89C01-1005-FC-010 ("Cause Number 010"), Crowe was charged with two counts of forgery, Class C felonies, and one count of receiving stolen property, a Class D felony. He was also alleged to an habitual offender. In June 2011, Crowe pleaded guilty to all four counts.

Crowe was sentenced for Cause Numbers 130 and 010 in one hearing. As to Cause Number 130, Crowe was sentenced to one year to be served concurrent to his sentence in Cause Number 010. In Cause Number 010, Crowe was sentenced to six years for each count of forgery and two years for receiving stolen property, all to be served concurrently. In addition, the six-year aggregate sentence was enhanced by eight years for the habitual offender finding. In total, Crowe was sentenced to fourteen years to be served in the Department of Correction. Crowe now appeals.

<u>Discussion and Decision</u>

I. Standard of Review

A criminal defendant may challenge his sentence on appeal. Ind. Appellate Rule 7(A). "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B). A reviewing court "may look to any factors appearing in the record." <u>Roney v. State</u>, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), <u>trans. denied</u>. The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. <u>Childress v. State</u>, 848 N.E.2d 1073, 1080 (Ind. 2006).

## II. Crowe's Sentence

Crowe argues his trial court's sentence is inappropriate "in light of the offense and the character of the offender." Appellant's Brief at 7. Crowe proposes that his sentence be modified to eight years: one year for theft, four years for the two forgery convictions, two years for receiving stolen property, all to be served concurrently, enhanced by an additional four years for the habitual offender finding.

Crowe argues that the sentence is inappropriate with regard to the nature of the offenses because these crimes did not harm persons or property and because he confessed to police when he was questioned. While technically true, his offenses did cause, at the least, a serious, unwarranted inconvenience to the dental office and Rita and Jeff Jones. The dental office did not receive timely payment for services rendered, which could pose difficulty for a small business. The fact that Crowe's unlawful acts did not result in tangible harm does not mean they are negligible. In any event, we find the sentence is appropriate in light of his character.

In regards to his character, Crowe presented evidence to suggest that his criminal history began after he became dependant on prescription medications which led to heroin use. Crowe stated that he would not have a criminal history had he not become addicted to drugs. Further, he argues such a long prison sentence would be a hardship on his two children. Finally, Crowe contends that he expressed remorse and accepted responsibility for his actions.

In determining Crowe's sentence, the trial court considered all of the factors which Crowe now raises. However, it also addressed numerous aggravating factors which it deemed to outweigh the mitigating factors. In March 2003, Crowe was convicted of

operating a motor vehicle while intoxicated, a Class A misdemeanor. His sentence was suspended and he was ordered to go through a drug and alcohol evaluation. In December 2007, Crowe was convicted of identity deception, a Class D felony. He was sentenced to one and one-half years, but the sentence was suspended. He was placed on probation, which was revoked six months later. Rather than incarcerating Crowe, the trial court placed him on probation again and ordered that he complete another drug and alcohol evaluation. Not quite one year later, Crowe's probation was revoked again. On November 25, 2009, Crowe was convicted of burglary and theft. He was sentenced to ten years, but three years were reduced to probation. The remaining seven years were to be served on work release. While on work release, Crowe committed a robbery at a pharmacy in Montgomery, Ohio. He was later convicted in Ohio of robbery and physical harm, a second degree felony. In summary, Crowe has four felony convictions, one misdemeanor conviction, and two probation revocations.

The trial court stated Crowe "has been treated with kid gloves for [his] entire criminal history and it has not worked." Tr. at 217. He has been given a number of opportunities to change his behaviors, including probation and work release, but has not taken advantage of them. His probation has been revoked twice and he continued to commit crimes while on work release. In addition, Crowe has been ordered to complete drug and alcohol evaluations twice and has continued using drugs. We agree with the trial court that Crowe is not likely to respond affirmatively to probation or short-term imprisonment. The trial court stated "that [Crowe] has been given lenient sentences all along and they've not dissuaded [him] from engaging in criminal conduct." Tr. at 220. Crowe has been given a number of opportunities by the trial courts to turn his life around

to no avail. We therefore conclude that the nature of his character does not warrant a lesser sentence. Crowe has not met his burden of persuading us that his fourteen-year sentence is inappropriate in light of the nature of his offenses and his character.

Conclusion

Based on the foregoing, we conclude that Crowe's fourteen-year sentence is not inappropriate, and therefore we affirm.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.